### (101 South. 125)

#### No. 26472.

#### IRWIN et al. v. LUTECE BABY & NOVELTY SHOP, Inc.

#### In re LUTECE BABY & NOVELTY SHOP, Inc.

(March 24, 1924. Rehearing Denied and Decree Amended by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

Abatement and revival ⬅9—Taxpayer may not sue to enjoin violation of ordinance pending city's suit to decide its validity.

A proprietor of a business will not be enjoined, in a suit by taxpayers, from carrying on the business on the ground that it is being conducted in violation of a zoning ordinance, pending a determination on the merits of a suit by the owner of the building to restrain the city from enforcing the ordinance.

Action by Leon Irwin and others against the Lutece Baby & Novelty Shop, Inc. Writ of injunction was ordered issued, and defendant applies for writs of certiorari and prohibition. Rule made absolute and writ of prohibition made perpetual.

H. W. Robinson, of New Orleans, for relator.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. This is a proceeding by prohibition to prevent the issuing of a writ of injunction. The writ was ordered issued at the instance of six property taxpayers residing in the vicinity of relator's business

establishment. The injunction was to close relator's establishment and put a stop to the business during the pendency of the taxpayers' suit. The business was the selling of babies' wearing apparel. The complaint of the taxpayers was that the establishment in that neighborhood was a violation of one of the so-called zoning ordinances of the city.

In response to the rule to show cause why the injunction should not be issued, relator pleaded that Judge Saint, of Division F, to whom the case had been allotted, was without jurisdiction, and should transfer the case to Division A, presided over by Judge Cage, because there was pending in that division a suit entitled Paramount Realty Co. v. City of New Orleans, No. 145341, in which the plaintiff, as proprietor of the building in which relator's business was being conducted, had obtained a writ of injunction to prevent the city from enforcing the so-called zoning ordinance by interfering with the construction or use of the building for the business for which relator was using it. Relator also pleaded, in answer to the rule, that the injunction, in effect, would be the same as a mandatory injunction, because it would destroy relator's business, and that such an injunction should not be issued in any case in advance of a hearing on the merits of the complaint. Relator pleaded, finally, that the petition for the injunction did not show that irreparable injury would or could result to the plaintiffs, and, in fact, that, in its very nature, the business complained of could not injure the plaintiffs or their property.

Our opinion is that the judge should not close relator's establishment with an injunction in advance of a trial of this case on its merits. The pendency of the suit of the Paramount Realty Co. v. City of New Orleans, in Division A of the Civil District Court, makes the case virtually the same as Bott et al. v. Lakowsky, 154 La. 375, 97 South. 562. In that case, as in this, the property owner obtained an injunction, preventing the city from interfering, under authority of a zoning ordinance, with the construction of a building to be used for a business purpose. While the injunction suit was pending in the civil district court, several property taxpayers in the neighborhood obtained from a judge of another division of the court an order for an injunction preventing the plaintiff in the other suit from going on with the construction of his building. At the instance of the plaintiff in the original suit—defendant in the second suit—we issued a writ of prohibition, as in this case, and annulled the taxpayers' injunction. The only difference between that case and this is that, in this case, the proprietor of the business is the defendant in the taxpayers' injunction suit; whereas, in the case of Bott v. Lakowsky, the owner of the building was the defendant in the taxpayers' injunction suit. In principle, the cases are alike.

The rule issued herein is made absolute and the writ of prohibition is made perpetual, forbidding Judge Saint to issue an injunction before this case is heard on its merits. The plaintiffs, Irwin and others, are to pay the costs of this proceeding.

On Application for Rehearing.

By the WHOLE COURT.

PER CURIAM. The decree herein handed down is amended by striking therefrom the words, "before the case is heard on the merits"; and by substituting therefor the words, "without prejudice to plaintiffs' right (if any they have) to intervene in the suit before Judge Cage"; and with this amendment a rehearing is refused.